Argued and submitted March 8, decision of Court of Appeals and judgment of circuit court affirmed in part and reversed in part; case remanded to circuit court for resentencing July 29, 1999

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## DEBRA LYNN EDSON,
*Respondent on Review.*

(CC 10-94-12098; CA A87550; SC S43263)

985 P2d 1253

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Andy Simrin, Deputy Public Defender, Salem, argued the cause for respondent on review. With him on the brief was Sally L. Avera, Public Defender.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, Leeson, and Riggs, Justices.**

GILLETTE, J.

---

** Kulongoski, J., did not participate in the consideration or decision of this case.

**GILLETTE, J.**

In this criminal case, defendant pleaded guilty to attempted assault in the second degree. The trial court placed defendant on probation for a period of three years and ordered her to pay a substantial sum in restitution within 24 months of the date of judgment, although it expressly stated that she did not have the ability to pay that amount within that time. The Court of Appeals vacated the restitution provision of the trial court's judgment but otherwise affirmed. *State v. Edson*, 139 Or App 412, 912 P2d 423 (1996). We allowed review to consider both the substantive issue of the amount of restitution that could be imposed in this case and the procedural question whether it was permissible for the Court of Appeals to vacate the restitution portion of the trial court's judgment, rather than remand the case to the trial court for resentencing. We conclude that the trial court erred when it required defendant to pay a large amount of restitution in a 24-month period, despite her demonstrated inability to pay such an amount, but that the Court of Appeals erred in failing to remand the case for resentencing. Accordingly, we affirm in part and reverse in part the decision of the Court of Appeals and remand the case to the trial court for resentencing.

We take the following undisputed facts from the findings of the trial court and from the record. Defendant, who suffers from bipolar psychiatric disorder, attacked her landlord, apparently during a psychotic episode that occurred because she had stopped taking her medication. The victim has been deaf and paralyzed on one side since birth but, through multiple surgeries and hard work, gained the ability to walk. During the attack, defendant grabbed the victim by his good arm, wrenched it severely and threw him against a wall. When the victim fell to the floor, defendant kicked him and hit him with pieces of firewood. She then temporarily ceased the attack, during which time the victim attempted to retreat into his apartment. Before the victim was able to escape from defendant, however, she again attacked him, throwing pieces of firewood at him. The victim suffered permanent injuries, both physical and psychological, and incurred medical and other expenses in excess of $20,000.

Defendant was charged with assault in the second degree and pleaded guilty to the lesser-included offense of attempted assault in the second degree. At defendant's sentencing hearing, the prosecutor tendered to the court a restitution schedule seeking restitution in the amount of $20,552.41. Defendant's lawyer advised the court that, because of her mental illness, defendant is unable to work and that her sole income is about $600 per month that she receives from Social Security. Nothing in the record suggests that defendant has any other source of income.

■    The trial court placed defendant on probation for a period of three years. In addition, the court sentenced defendant to pay restitution in the amount of $20,552.41, payable within two years.[1] The court ordered that payment of restitution be made a condition of defendant's probation and made the following comments:

> "In regard to restitution, this is a case which cries out for restitution. It also is equally as—cries out that this lady will never be able to pay, really, any portion of any restitution. Either the state or the Federal Government, or [the victim] or some of his relatives will be compelled to pick up the load and considering the $10,000 hospital bill, some of the patrons of the Sacred Heart Hospital who can afford to pay their hospital bills are going to pick up part of that load.

> "But some of you are old enough to have heard that you can't get blood out of a turnip. That's what we have got here. And they only let me put her on probation for three years. But, as they say, do the best you can with what you have got. That's all we can do."

The trial court's authority to sentence a defendant to pay restitution is governed by ORS 137.106(1) and (2),[2] which provide:

---

[1] A restitution provision in a judgment properly is considered a sentence. That proposition is evident from the terms of the restitution statute itself, which gives the trial court the authority to impose restitution "in addition to any other sentence it may impose." ORS 137.106(1); *see also State v. Dillon*, 292 Or 172, 178, 637 P2d 602 (1981) ("restitution is a sentencing device authorized instead of, or in addition to, incarceration").

[2] ORS 137.106 was amended by the 1997 Legislature. Or Laws 1997, ch 313, § 23. The amendment did not alter the statutory wording that we construe here and has no effect on our analysis in this case.

"(1) When a person is convicted of criminal activities * * *, which have resulted in pecuniary damages, * * * the district attorney shall investigate and present to the court, prior to the time of sentencing, evidence of the nature and amount of such damages. In addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim.

"(2) In determining whether to order restitution which is complete, partial or nominal, the court shall take into account:

"(a) The financial resources of the defendant and the burden that payment of restitution will impose, with due regard for the other obligations of the defendant;

"(b) The ability of the defendant to pay restitution on an installment basis or on other conditions to be fixed by the court; and

"(c) The rehabilitative effect on the defendant of the payment of restitution and the method of payment."

Before the Court of Appeals, defendant contended that the trial court's restitution order was inconsistent with the requirements of the foregoing statute because, in defendant's view, the trial court expressly had found that defendant never would have the ability to pay any amount of restitution. In response, the state argued that ORS 137.106(2) merely requires the trial court to "take into account" the defendant's ability to pay when ordering restitution, but does not make that single criterion dispositive. According to the state, the trial court considered defendant's ability to pay and ordered her to pay restitution nonetheless. As noted, the Court of Appeals agreed with defendant and vacated the restitution part of the trial court's judgment.

Whether the trial court was permitted under ORS 137.106 to sentence defendant to pay restitution, notwithstanding her financial circumstances, is a matter of statutory interpretation. In interpreting a statute, this court uses the methodology set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), which directs us first to look to the text of the statute to discern the intent of the legislature. *Id.* at 610-11. Although the text of a statutory provision is the best evidence of the legislature's intent,

we also consider, at the first level of analysis, the context of the statutory provision at issue, which includes other provisions of the same statute and other related statutes. *Ibid.* If the legislature's intent is clear after that analysis, then further inquiry is unnecessary. *Id.* at 611.

We note at the outset that, although both defendant and the Court of Appeals appear at times to treat a defendant's financial circumstances as relevant to the *permissibility* of imposing a sentence of restitution under ORS 137.106(1), that is not what the statute provides. The plain wording of that statute leaves the decision *whether* to sentence a defendant to make restitution to the discretion of the trial court.[3] Certainly, nothing in the wording of ORS 137.106(1) prevents the trial court from ordering a defendant with limited financial resources to pay restitution. As this court has explained, there are three prerequisites to an order of restitution under ORS 137.106(1): (1) criminal activities, (2) pecuniary damages, and (3) a causal relationship between the two. *State v. Dillon*, 292 Or 172, 181, 637 P2d 602 (1981). If those three prerequisites are present, then the procedural requirements and penological considerations implicated in the decision whether to impose restitution are the same as those ordinarily associated with sentencing. *Id.* at 180-81. As this court stated in *State v. Hart*, 299 Or 128, 138, 699 P2d 1113 (1985),

> "[t]he purpose of ordering restitution at a sentencing hearing is not to provide full compensation of all damages to victims of crime. Rather, the restitution is to be ordered only as it is relevant in correcting defendant's behavior and as a step to accomplishing the traditional goals of sentencing such as rehabilitation of the defendant and deterrence to impress upon the defendant the seriousness and cost of his offense."

No party now appears to question whether the statutory prerequisites to restitution are present in this case.[4]

---

[3] That section provides that, "[i]n addition to any other sentence it may impose, the court may order that the defendant make restitution to the victim."

[4] In this regard, we note that this court stated in *Dillon* that "ORS 137.106(2) requires a sentencing court to focus on the defendant's circumstances in deciding *whether* to order restitution * * *." 292 Or at 181 (emphasis added). That statement, made in *dicta*, was incorrect. Under ORS 137.106(1), the initial decision *whether* to impose restitution is not so constrained.

Accordingly, we turn to the central issue, *viz.*, whether, having chosen to impose restitution, the trial court could impose under ORS 137.106(2) the amount of restitution that it did and require that amount to be paid within two years.

■     Once the trial court decides to impose restitution, ORS 137.106(2) sets out the criteria that the court must consider in determining the amount of restitution (complete, partial, or nominal) and the conditions under which it should be paid. Again, however, nothing in the wording of that subsection suggests that the court may not impose restitution at all if the defendant has limited financial resources. The requirement that the three enumerated factors be "take[n] into account" simply means that the trial court must consider all three factors. Moreover, by its terms, ORS 137.106(2) does not make any one factor more important than any other—the importance of each factor, relative to the others, will vary with the circumstances of the particular case.

■     Once it has considered the pertinent criteria, the trial court is free to impose restitution in an amount and on such conditions that the court determines best addresses "the offender's economic circumstances, the victim's interest in the recovery and the punitive and reformative goals of these statutes." *Hart*, 299 Or at 135-36. The amount selected by the trial court may constitute complete, partial, or nominal restitution, so long as the total amount of restitution that it orders bears a reasonable relationship to the injury to the victim and the offender's criminal conduct. *Id.* at 141; *Dillon*, 292 Or at 179.

■     That is not to say, however, that ORS 137.106 allows a trial court to order a defendant to pay a particular amount of restitution on a schedule or on conditions that the record conclusively establishes that the defendant is unable to meet. In the present case, the trial court ordered defendant to pay over $20,000 in restitution. That amount represented the medical and other expenses incurred by the victim, as a result of defendant's criminal conduct, to the date of the sentencing hearing. The total *amount* of restitution ordered, then, bears a reasonable relationship to the injury to the victim and the offender's criminal conduct. However, as will be

seen below, given the fact of defendant's indigency, the *conditions of payment* are not similarly supportable. We turn to that issue.

■ The text of ORS 137.106 evinces a legislative intent to tie at least the restitution *payment* obligation and the conditions of payment to terms that the offender actually may be able to meet. First, ORS 137.106(2) provides that restitution shall be complete, partial, or nominal, suggesting that the offender's ability to pay is a relevant factor in setting restitution payment conditions. ORS 137.106(2)(b) specifically contemplates the payment of restitution "on an installment basis or on other conditions to be fixed by the court." Moreover, each of the three criteria set out in ORS 137.106(2) directs the court, in some way, to consider the defendant's ability to pay.[5] Read collectively, those provisions show that the trial court has the flexibility to impose an amount of restitution that meets the penological goals of punishment, rehabilitation, and deterrence, but only on a payment schedule or subject to other conditions that bear a reasonable relationship to the defendant's ability to pay. That conclusion is consistent with this court's decision in *Hart*, in which the court upheld an order requiring the defendant to pay restitution in the amount of over $224,000, payable in monthly installments of $100, for injuries that he had inflicted on his 18-month-old son. In determining that that amount was not excessive, the court held that the total amount ordered reasonably related to the defendant's conduct and the goals of sentencing and, considering that defendant previously had been employed in millwork and electronics, that the payment schedule was "most modest." *Id.*, 299 Or at 141.

The foregoing interpretation of ORS 137.106(2) is supported by related statutes that provide for the modification of restitution schedules and even the revocation of restitution orders in the event of changed circumstances. For example, ORS 161.675(3) allows a defendant at any time to

---

[5] Although only subsection (b) speaks directly to a defendant's ability to pay, subsection (a) instructs the court to consider the burden that payment of restitution will impose on the defendant with "due regard to the [defendant's] other obligations," and ORS 137.106(2)(c), which deals with the rehabilitative effect of an order of restitution, directs the court to consider the effect of both the amount and the *method* of payment.

move for review of a payment schedule established to satisfy a restitution obligation imposed as part of a sentence or as a condition of probation. In addition, in a contempt proceeding arising out of a default in the payment of restitution ordered by the court, ORS 161.685(5) provides that, if the defendant can show that the default is not contempt, then "the court may enter an order allowing the defendant additional time for payment, reducing the amount of the payment or installments due on the payment, or revoking the * * * order of restitution in whole or in part." *See also Hart*, 299 Or at 141 (in event of unforeseen circumstances, defendant may petition to have all or part of restitution order set aside).

In summary, we hold from an examination of text and context that the meaning of ORS 137.106(2) is clear: A trial court, having decided under ORS 137.106(1) to impose a sentence of restitution, must consider the three criteria identified in ORS 137.106(2) in deciding the amount, duration, and conditions of payment of restitution. The trial court's choice will be sustained as long as a trial court, considering the statutory factors that we have interpreted in light of the record made with respect to sentencing, reasonably could choose to impose that particular sentence of restitution. We now turn to the question whether the trial court's restitution order in the present case was sustainable under that framework.

At the sentencing hearing in this case, it was apparent to all concerned that defendant would not be able to pay the amount of restitution that the court ordered within 24 months of the entry of judgment. On the record before the court, any restitution schedule that would require defendant to make more than nominal payments would clash with the requirements of ORS 137.106(2). The trial court's sentence of restitution required larger payments than that and, thus, was erroneous, because it was not one that the court reasonably could choose to impose in light of the statutory considerations and the record at sentencing. We therefore affirm the decision of the Court of Appeals to the extent that it also concluded that the trial court erred in imposing the restitution judgment that it did.

■    We turn to the question of the proper disposition of the case in light of our conclusion that the trial court's restitution order was improper. The state argued below that, in the event that the Court of Appeals concluded that the restitution order was improper, that court should remand the case to the trial court for reconsideration of the terms and amount of restitution. The court declined to remand the case for resentencing, however, stating that, "[b]ecause the trial court found that defendant had no ability to pay any restitution, it cannot sentence her to pay any restitution." *Edson*, 139 Or App at 416. As noted, the court then vacated the restitution part of the trial court's judgment and otherwise affirmed. *Ibid.*

■ ■ The scope of an appellate court's review and the range of options available to that court when it concludes that the trial court erred are dictated by applicable statutes and generally are dependent on the type of trial court decision under consideration. In the present case, the trial court decision is a sentence of restitution imposed following a judgment of conviction on a felony committed in 1994. Under the circumstances, the scope of appellate review and the appellate court's various disposition options are governed by ORS 138.222,[6] which states that such sentences imposed for such

---

[6] ORS 138.222 provides:

"(1) Notwithstanding the provisions of ORS 138.040 and 138.050, a sentence imposed for a judgment of conviction entered for a felony committed on or after November 1, 1989, may be reviewed only as provided by this section.

"(2) Except as otherwise provided in subsection (4)(c) of this section, on appeal from a judgment of conviction entered for a felony committed on or after November 1, 1989, the appellate court shall not review:

"(a) Any [presumptive] sentence * * *.

"(b) A sentence of probation * * *.

"(c) A sentence of imprisonment when the rules * * * prescribe a presumptive sentence of imprisonment but allow a sentence of probation without departure.

"(d) Any sentence resulting from a stipulated sentencing agreement * * *.

"(e) Except as authorized in subsections (3) and (4) of this section, any other issue related to sentencing.

"(3) In any appeal from judgment of conviction imposing a sentence that departs from the presumptive sentence prescribed by the rules of the Oregon Criminal Justice Commission, sentence review shall be limited to whether the sentencing court's findings of fact and reasons justifying a departure from the sentence prescribed by the rules of the Oregon Criminal Justice Commission:

convictions "may be reviewed *only* as provided by this section." ORS 138.222(1) (emphasis added).

ORS 138.222 generally limits appellate review of issues related to sentencing. ORS 138.222(2). However, it expressly authorizes review of judgments imposing departure sentences, ORS 138.222(3), and of claims that the sentencing court "failed to comply with the requirements of law in imposing or failing to impose a sentence," ORS 138.222(4). As discussed, we have concluded that the trial court erred in its application of the criteria in ORS 137.106(2) in this case. In terms found in ORS 138.222(4)(a), the court "failed to comply with requirements of law in imposing" the particular sentence of restitution. The present challenge to the propriety of the sentence of restitution, then, falls in that second category of claims for which review is authorized.

In such a case, ORS 138.222(5) sets out the range of options available to an appellate court. It provides:

> "The appellate court may reverse or affirm the sentence. If the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing. If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

---

"(a) Are supported by the evidence in the record; and

"(b) Constitute substantial and compelling reasons for departure.

"(4) In any appeal, the appellate court may review a claim that:

"(a) The sentencing court failed to comply with requirements of law in imposing or failing to impose a sentence.

"* * * * *

"(5) The appellate court may reverse or affirm the sentence. If the appellate court concludes that the trial court's factual findings are not supported by evidence in the record or do not establish substantial and compelling reasons for a departure, it shall remand the case to the trial court for resentencing. If the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing. The sentencing court may impose a new sentence for any conviction in the remanded case."

The first sentence of ORS 138.222(5) limits the options available to an appellate court to affirming or reversing a sentence. In that respect, the statute is unlike other appellate review statutes, because it does not give an appellate court authority to modify a trial court's disposition without remanding. For example, ORS 138.040(2) requires the appellate court, in the event that it concludes that a disposition is improper, to "direct the court from which the appeal is taken to impose the disposition that should be imposed." ORS 138.050(4) contains a virtually identical requirement. Additionally, ORS 138.240, a statute of general application, allows an appellate court to "reverse, affirm or modify the judgment or order appealed from and * * *, if necessary or proper, order a new trial."

The second sentence of ORS 138.222(5) applies in two circumstances—lack of evidence in the record and lack of justification for a departure—that are not present here. The third sentence provides that, "[i]f the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing." Read by itself, that sentence would appear to apply broadly to various kinds of errors that a court could make, including that committed here. An alternative reading is that the third sentence merely is an elaboration of the second, *i.e.*, it applies to the circumstances enumerated in the second, but no others. We find that interpretation to be less plausible because, had the legislature intended that result, it needed only to insert the word "entire" in the second sentence; addition of the third sentence would have been unnecessary. Nonetheless, the wording of the third sentence is ambiguous and both alternative readings are tenable. We therefore turn to legislative history. *See PGE*, 317 Or at 611-12 (when reading text and context does not make legislative purpose clear, court looks to legislative history for clarification).

The third (and fourth) sentences of ORS 138.222(5) were added to the statute by Oregon Laws 1993, chapter 692, section 2. The history of that enactment establishes that the new statutory wording was independent of, and applied to a broader range of circumstances than, the second sentence of the statute. *See* Tape recording, House Appropriations—A

Committee, SB 1043, July 26, 1993, Tape 164B at 384 (testimony of Representative Mannix that amendment was intended to require appellate court that finds error on one of many convictions to remand entire case, so that trial court has the ability to reconsider whole sentencing "package"); Exhibit, House Committee on Appropriations, SB 1043, July 21, 1993, (Memorandum from Polk County District Attorney to Marion County District Attorney) (to same effect, discussing need for such an amendment in light of Court of Appeals' decision in *State v. Smith*, 116 Or App 558, 842 P2d 805 (1992), in which error reversed on appeal was not one to which second sentence of ORS 138.222(5) applied). We hold that the third sentence of ORS 138.222(5) applies to all errors for which review is authorized by ORS 138.222(3) and (4).

We have held that, in stating that defendant had no ability to pay any amount of restitution, but directing nonetheless that defendant make restitution within the next 24 months in an amount exceeding $20,000, the trial court committed error. We cannot say, however, that defendant could not pay, at least on some conditions, a nominal or partial level of restitution, or even complete restitution in nominal installments, should the trial court deem that desirable. It follows that, because there remain options that the trial court permissibly could adopt on resentencing, this is a case that "requires resentencing." In that event, the Court of Appeals lacked authority simply to vacate the sentence. It had no other option under ORS 138.222(5) than to reverse the sentence of the trial court and remand the entire case to that court for resentencing.

The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is affirmed in part and reversed in part, and the case is remanded to the circuit court for resentencing.