Submitted on record and briefs December 2, 2005, sentences vacated and remanded with instructions to recalculate restitution; otherwise affirmed March 15, 2006

# STATE OF OREGON,
*Respondent,*

*v.*

# DONALD GENE McBEE,
*Appellant.*

CR0102586; A124484

131 P3d 819

Jay Edwards filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kaye E. McDonald, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

■■ Defendant was convicted of unauthorized use of a motor vehicle, ORS 164.135, and possession of a controlled substance, ORS 475.992(4)(b), and received probationary sentences on each count. On the unauthorized use of a motor vehicle conviction, the trial court imposed restitution in the amount of $1,673.50. On appeal, defendant argues that the trial court erred in imposing restitution for damage to the stolen vehicle, as the evidence at sentencing indicated that another individual had caused the damage before defendant came into possession of it. The state concedes that it failed to establish a causal connection between defendant's conduct and the damage to the vehicle, and that restitution for damage to the vehicle therefore was not properly imposed in this instance. *See generally State v. Edson*, 329 Or 127, 985 P2d 1253 (1999). The state notes, however, that the trial court properly could impose restitution for towing and storage fees. We agree with defendant that the trial court erred in imposing restitution for damage to the vehicle. We further agree with the state that restitution for towing and storage fees was properly imposed, but we are unable to determine how much of the total amount awarded was for those purposes.

Sentences vacated and remanded with instructions to recalculate restitution; otherwise affirmed.