Submitted on remand from the Oregon Supreme Court October 28, 2008, affirmed March 4, appellant's petition for reconsideration allowed by opinion June 24, 2009 See 229 Or App 182, 210 P3d 933 (2009)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RIC CURTIS NEESE,
*Defendant-Appellant.*

Marion County Circuit Court
99C52807; A110884

203 P3d 370

Rankin Johnson IV for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeremy C. Rice, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Neese*, 200 Or App 288, 113 P3d 922 (2005), *rev den*, 341 Or 449 (2006) (*Neese I*) in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Neese*, 345 Or 316, 195 P3d 63 (2008). In *Neese I* we vacated defendant's sentences and remanded for resentencing because the trial court had imposed a departure sentence based on a number of judicial findings of fact. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Neese I* was erroneous. Accordingly, we affirm.

Defendant was convicted of two counts of first-degree sodomy and one count of first-degree unlawful sexual penetration committed against his four-year-old daughter. The trial court imposed a durational departure sentence of 240 months' imprisonment on the unlawful sexual penetration conviction. The court gave the following reasons for its decision to impose a departure sentence:

"And at this point I do find substantial and compelling reasons to depart from that presumptive sentence, and I'm relying upon the aggravating factors as follows: That the offense resulted in permanent injury to the victim; that lengthy previous incarceration has not deterred the defendant's criminal conduct; the victim was extremely vulnerable due to her age and the absence of other family members to provide care and protection; the degree of harm or loss contributed to the current crime of conviction and was significantly greater than typical for such an offense; and that the victim suffered extreme psychological harm as evidence by the Marion County Health records; and that there was deliberate cruelty to the victim[.]

"I adopt all of these, any of one of which is sufficient to depart upward from the 130-month sentence to 240 months."

Because the trial court stated on the record that any of the departure factors it identified was independently sufficient to support its decision to depart, we need examine only the departure factor of the victim's "extreme vulnerability." On this record, we conclude that there is no legitimate debate that the jury would have found that the victim was extremely vulnerable by virtue of her youth and her relationship to defendant: the victim was defendant's four-year-old daughter, who lived alone with defendant. *See Ramirez*, 343 Or at 513 (setting out "legitimate debate" standard for exercise of discretion to review unpreserved challenges to departure sentences based on judicial findings of fact). Accordingly, we decline to exercise our discretion to review the assigned error.

Affirmed.