On appellant's petition for reconsideration filed March 18, reconsideration allowed; former opinion (226 Or App 407, 203 P3d 364) modified; disposition withdrawn; remanded for resentencing; otherwise affirmed June 24, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## RIC CURTIS NEESE,
*Defendant-Appellant.*

Marion County Circuit Court
99C52807; A110884

210 P3d 933

Rankin Johnson IV for petition.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant petitions for reconsideration of our opinion in *State v. Neese*, 226 Or App 407, 203 P3d 364 (2009) (*Neese II*). In *Neese II*, we affirmed defendant's durational departure sentences for a variety of sex offenses because the facts underlying those departure sentences had been established beyond legitimate debate. *Id.* at 409. Defendant now argues that this court should have remanded the case for resentencing because the trial court imposed a compensatory fine in the absence of evidence demonstrating a pecuniary loss by the victim.

Defendant was convicted of two counts of first-degree sodomy and one count of unlawful sexual penetration committed against his four-year-old daughter. In addition to the terms of incarceration that it imposed, the trial court also imposed a $75,000 "compensatory fine levied for the benefit of the victim." The state had requested that fine, arguing that "[the victim] is now five years old. She's got her whole life in front of her. It's a very uncertain life and there is no guarantee that the defendant will continue * * * to maintain his paternal responsibilities relating to [the victim]." Defendant objected to the fine at sentencing and assigned its imposition as plain error in his opening brief. In that brief, defendant acknowledged that the assignment was unpreserved, but urged that it be reviewed as plain error. The state disagreed, arguing that the error could not be plain, because imposition of the fine was not error at all.

We will review an unpreserved assignment of error as error apparent on the face of the record where the error is one of law, is not reasonably in dispute, and if the facts establishing the error are apparent on the face of the record. *State v. Brown*, 310 Or 347, 355-56, 800 P2d 259 (1990). Whether a trial court erred in imposing a compensatory fine is a question of law. *State v. Gray*, 113 Or App 552, 554, 833 P2d 341 (1992). That a compensatory fine must be supported by evidence in the record of the victim's pecuniary loss is not reasonably in dispute. *See, e.g., State v. Edson*, 329 Or 127, 132, 985 P2d 1253 (1999). Thus, the dispositive question is whether the record in this case demonstrates that the trial

court imposed a compensatory fine in the absence of supporting evidence. The court did so, and the error is plain.

■■ In *Edson*, the Supreme Court explained that "there are three prerequisites for an order of restitution under ORS 137.106(1): (1) criminal activities, (2) pecuniary damages, and (3) a causal relationship between the two." 329 Or at 132. "Those same prerequisites apply when imposing a compensatory fine under ORS 137.101."[1] *State v. Donahue*, 165 Or App 143, 146, 995 P2d 1202 (2000). A pecuniary loss can include "medical expenses and costs of psychological treatment or counseling." *Id.*

In this case, the state presented no evidence regarding any pecuniary loss by the victim. Although it was obvious from the fact that the trial court imposed a 470-month prison sentence that defendant would not be able to support the victim through employment earnings, the state presented no evidence regarding a lack of resources otherwise available to the victim. Nor did the state's evidence establish the magnitude of the victim's pecuniary loss. The court arrived at the $75,000 figure based on the state's representation of the value of unencumbered property that defendant owned, but there is no evidence in the record supporting an award of that amount to the victim based on her continuing financial needs

---

[1] ORS 137.101 provides:

"(1) Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims.

"(2) Compensatory fines may be awarded in addition to restitution awarded under ORS 137.103 to 137.109.

"(3) Nothing in this section limits or impairs the right of a person injured by a defendant's criminal acts to sue and recover damages from the defendant in a civil action. Evidence that the defendant has paid or been ordered to pay compensatory fines under this section may not be introduced in any civil action arising out of the facts or events which were the basis for the compensatory fine. However, the court in such civil action shall credit any compensatory fine paid by the defendant to a victim against any judgment for punitive damages in favor of the victim in the civil action."

or for the purpose of compensating her for the harm caused by defendant's crimes.

The state argues that, because the presentence investigator stated that the victim had suffered psychological harm and because the court "found" such harm when it imposed a departure sentence based on abnormally severe harm, counseling costs for the victim were foreseeable and thus justified imposition of the compensatory fine. That argument fails because the judicial finding was not evidence, and the presentence investigator's assertion that the victim had suffered psychological harm did not establish that she suffered a pecuniary loss, but only that she *might* suffer a loss in the future. *Cf. Donahue*, 165 Or App at 145-46 (reversing imposition of compensatory fine where victim had scheduled, but not attended or incurred costs from, psychological counseling). Because evidence of pecuniary loss is required for the imposition of a compensatory fine, the trial court's imposition of the $75,000 fine in this case was plainly erroneous and that error requires a remand of this case for resentencing under ORS 138.222(5). *See Edson*, 329 Or at 138-39 (so holding).

■  We conclude that exercise of our discretion to review the assigned error is appropriate under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991). We do so for two reasons. First, the amount in controversy here, $75,000, is substantial and the only evidence supporting that amount was the state's representation that it equaled the total amount of defendant's unencumbered property at the time of sentencing. Second, on this record, it is not clear that the evidence before the trial court supported a finding that the victim had suffered, or would suffer, $75,000 of pecuniary loss, thus justifying a compensatory fine in that amount. Given those two considerations, the interests of the parties in an evidentiary determination of the appropriateness of a compensatory fine is high. Defendant has an interest in protecting any assets that he has or that may accrue to him during his incarceration, and the state, along with the victim, has an interest in having the amount of the victim's pecuniary loss determined so that an appropriate level of compensation can be awarded.

Reconsideration allowed; former opinion modified; disposition withdrawn; remanded for resentencing; otherwise affirmed.