Submitted September 4, remanded for resentencing; otherwise affirmed October 14, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANGELA PAULETTE ALBERT,
*Defendant-Appellant.*

Washington County Circuit Court
C081956CR; A140378

218 P3d 177

▮▮▮▮▮▮▮▮▮▮

Peter Gartlan, Chief Defender, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

PER CURIAM

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## PER CURIAM

Defendant pleaded guilty to criminal possession of a forged instrument, ORS 165.022, and was sentenced to 18 months' probation. The court also imposed restitution in the amount of $60.30. On appeal, defendant challenges only the trial court's imposition of restitution, contending that the record does not demonstrate that a victim suffered economic damages as a result of her criminal activity. *See* ORS 137.103; ORS 137.106. The state concedes the error and, for the reasons discussed below, we agree with the state and remand for resentencing.

Defendant took a cab to a convenience store and attempted to purchase cigarettes with a fake $100 bill. The store clerk refused to accept the bill. Defendant left the store, returned to the cab, and asked the cab driver whether the driver could make change for $100. The driver refused and took defendant to a different store, where the driver and the store clerk contacted the police. Defendant ultimately pleaded guilty to possessing a forged instrument under ORS 165.022.

At sentencing, the court imposed restitution to the cab driver in the amount of defendant's unpaid cab fare. In defendant's view, the court erred in that regard because the cab driver was not a victim of the crime of possession of a forged instrument—the only crime to which defendant pleaded guilty. The state concedes that the cab driver, who never accepted the fake $100 bill, was not a victim of defendant's possession of the forged instrument. We agree, accept the concession, and remand for resentencing. ORS 137.103(4) (defining "victim" to include persons who have suffered economic damages as a result of the offense); *State v. Edson*, 329 Or 127, 132, 985 P2d 1253 (1999) ("[T]here are three prerequisites to an order of restitution under ORS 137.106(1): (1) criminal activities, (2) pecuniary damages, and (3) a causal relationship between the two.").

Remanded for resentencing; otherwise affirmed.