Submitted October 29, affirmed November 24, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY PAUL WILLIAMS,
*Defendant-Appellant.*

Deschutes County Circuit Court
08FE0033AB; A141136

243 P3d 885

Peter Gartlan, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Erika L. Hadlock, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

Defendant, who was convicted following a court trial of one count of theft in the third degree, ORS 164.043, appeals. He raises three assignments of error; the first two pertain to the asserted insufficiency of evidence to support the conviction, and the third pertains to an unpreserved challenge to the trial court's imposition of a compensatory fine of $150, in accordance with ORS 137.101.[1] Specifically, with respect to the latter, defendant contends that the record, albeit sufficient to establish that the victim had "suffered pecuniary damages in some amount," did not establish that the victim incurred pecuniary loss of at least the amount ($150) of the compensatory fine.

We reject defendant's first two assignments of error without published discussion. Further, for the reasons explained immediately below, we conclude that defendant's third, and unpreserved, assignment of error is not reviewable as "an error of law apparent on the face of the record." ORAP 5.45(1). Accordingly, we affirm.[2]

To qualify as "plain error" subject to review pursuant to ORAP 5.45(1), the purported error must, *inter alia*, be an error of law that is "apparent"—that is, "the legal point [must be] obvious, not reasonably in dispute." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Here, as noted, defendant contends that, as a matter of law, the amount of a compensatory fine that can be imposed pursuant to ORS 137.101

---

[1] ORS 137.101 provides, in part:

"(1) Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims.

"(2) Compensatory fines may be awarded in addition to restitution awarded under ORS 137.103 to 137.109."

[2] The trial court did not impose a separate fine pursuant to ORS 161.625(1). Accordingly, this case does not present, and defendant does not raise, a challenge to the imposition of the compensatory fine here akin to that which necessitated a remand in *State v. Moore*, 239 Or App 30, 243 P3d 151 (2010).

is limited to the amount of the victim's demonstrated pecuniary damages. Defendant further contends that, although the victim suffered *some* pecuniary loss, there is no evidence in the record as to the *amount* of that loss—much less that it was $150 or more. Conversely, the state posits:

> "The court need not tie the compensatory fine to any specific item of damage * * *. [ORS 137.101(1)] does *not* specify that the amount of the fine be based on or dictated by the civilly compensable injury, only that there have been *a* civilly compensable injury in the first place."[3]

(Footnote omitted; emphasis in original.)

Reasonable minds could differ as to the persuasiveness of those contending positions. Further, nothing in our discussion in *State v. Neese*, 229 Or App 182, 185, 210 P3d 933 (2009), *rev den*, 347 Or 718 (2010), purported to, or did in fact, resolve that reasonable legal dispute. Accordingly, the matter is not reviewable as "plain error."[4]

Affirmed.

---

[3] The state acknowledges that, as an undisputed matter of law, the *sine qua non* of the imposition of a compensatory fine is that the victim have suffered *some* demonstrated compensatory loss. *See, e.g.*, *State v. Drinkwater*, 231 Or App 6, 9, 217 P3d 1090 (2009), *rev den*, 348 Or 13 (2010); *State v. Neese*, 229 Or App 182, 185, 210 P3d 933 (2009), *rev den*, 347 Or 718 (2010).

[4] We note further, in all events, that we would not exercise our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991), to correct the purported "plain error," because, in the circumstances of this case, the guiding considerations identified in *Ailes*, *id.* at 382 n 6, do not persuasively militate in favor of the exercise of such discretion.