PER CURIAM
*926 Defendant appeals a judgment of conviction for second-degree sodomy, ORS 163.395, first-degree sexual abuse, ORS 163.427, and compelling prostitution, ORS 167.017, assigning error to the imposition of a $150,000 compensatory fine payable to the victim. Defendant argues that the trial court erred in imposing the compensatory fine because, among other reasons, the record does not contain evidence that the victim had suffered verifiable economic damages from defendant's criminal conduct. We recently decided the identical issue in favor of one of defendant's codefendants, which resolves the issue here. See State v. Moreno-Hernandez , 290 Or. App. 468, 415 P.3d 1088 (2018).
Defendant, who was a manager of a strip club, entered into an agreement with Victor Moreno-Hernandez to have the victim, who was 13 years old, dance nude in the club and perform various sexual acts for defendant and customers. As relevant here, the Department of Human Services (DHS) discovered that the victim had suffered that abuse and sent her to an in-patient treatment facility in Arizona. Defendant was eventually charged and pleaded guilty to three crimes.
At sentencing, the state did not ask the trial court to impose a compensatory fine. Nevertheless, the court imposed a compensatory fine of $150,000 together with a $200 punitive fine on each of the three counts. The court concluded that the compensatory fine was appropriate because it was "aware of some economic damages that were incurred as a result of [the victim's] rehabilitation at the [treatment facility]. I don't know what-I mean, there was some evidence concerning that. It had to cost something to keep her there for almost a year." Defendant argued that the record does not include evidence of the cost of the treatment center or that the victim had to incur the costs of the treatment center, and the state conceded that DHS and the Oregon Health Plan had paid for the treatment. Defendant appeals, reprising the arguments that he made below.
ORS 137.101(1) provides three prerequisites for ordering a compensatory fine: "criminal activities; a victim who incurred objectively verifiable economic damages for *480 *927 which the victim could recover in a civil action; and a causal relationship between the two." Moreno-Hernandez , 290 Or. App. at 472.
Our decision in Moreno-Hernandez controls the outcome in this case. There we reversed compensatory fines imposed against Moreno-Hernandez, concluding that it was plain error to award a compensatory fine in addition to a punitive fine. 290 Or. App. at 471. Additionally, we concluded that remanding the case for resentencing was not appropriate because the compensatory fine could not lawfully be imposed. Id. at 471-72, 415 P.3d 1088. There, like here, DHS had paid for the treatment costs, and "[t]he record contains no evidence that [the victim] ever incurred any objectively verifiable economic obligation for the treatment and, therefore, ever suffered any economic damages as a result of defendant's crimes." Id. at 474, 415 P.3d 1088. For the same reasons, we reverse defendant's compensatory fine here.
Portion of judgment requiring defendant to pay compensatory fine reversed; otherwise affirmed.