BALMER, J.
*1090 **171 This case concerns whether the trial court erred in sentencing defendant to pay a $150,000 compensatory fine. We considered many of the issues presented by this case in State v. Moreno-Hernandez , 365 Or. 175, 442 P.3d 1092 (2019), a case involving defendant's codefendant. As in Moreno-Hernandez , we conclude that the trial court erred, and remand for resentencing.
Defendant was the manager of a strip club in the Beaverton area. Moreno-Hernandez brought S, a thirteen-year-old girl, to defendant's strip club, where defendant and Moreno-Hernandez agreed that S would work at the club. While working at the strip club, S engaged in prostitution and the two men split the proceeds. In addition, defendant had sex with S.
Ultimately, S was brought into the legal custody of the Department of Human Services (DHS). DHS sent S to Mingus Mountain, a treatment facility that specializes in the treatment of girls who are emotionally or behaviorally at risk, including girls who, like S, have been sexually exploited. While there, S disclosed to counselors that she had been sexually abused by defendant and Moreno-Hernandez.
Defendant pleaded guilty to three counts relating to S: second-degree sodomy, first-degree sexual abuse, and compelling prostitution. He also pleaded guilty to a separate promoting prostitution charge that did not involve S. At sentencing, the trial court indicated that it was interested in imposing a compensatory fine and inquired into whether that was an available option in this case. The prosecutor stated that S's treatment at Mingus Mountain had resulted in economic damages. Defendant objected to the imposition of a compensatory fine, arguing, among other things, that there was no evidence that S had suffered economic damages.
On the single compelling prostitution conviction, the trial court imposed a $200 fine as well as a $150,000 compensatory fine ultimately payable to S. The trial court also imposed an overall sentence of 180 consecutive months in prison.
**172 Defendant appealed, assigning error to the imposition of the compensatory fine. The Court of Appeals, relying on its decision in State v. Moreno-Hernandez , 290 Or. App. 468, 415 P.3d 1088 (2018), held that "it was plain error to award a compensatory fine in addition to a punitive fine." State v. Toth , 290 Or. App. 925, 927, 417 P.3d 479 (2018). The Court of Appeals further reasoned that because " '[t]he record contains no evidence that [the victim] ever incurred any objectively verifiable economic obligation for the treatment and, therefore, ever suffered any economic damages as a result of defendant's crimes' " a remand was unnecessary. Id. (quoting Moreno-Hernandez , 290 Or. App. at 474, 415 P.3d 1088 ).
The state petitioned for review. Here, as in our decision in Moreno-Hernandez , we agree with the Court of Appeals, albeit for a different reason, that the trial court erred in imposing a compensatory fine, but conclude that it is appropriate to remand for resentencing.
Before designating a portion of a fine to be paid to a victim as a compensatory fine, three requirements must be satisfied. "The first is that the crime must 'result[ ] in injury,' " Moreno Hernandez , 365 Or. at 181, 442 P.3d 1092 (quoting ORS 137.101(1) ). Second, the victim must meet one of the statutory definitions of "victim" in ORS 137.103(4), most of which-including ORS 137.103(4)(a),[1] which is the only definition in play here-require that the victim have suffered "economic damages." Economic damages is defined by ORS 31.710 to include, among other items, "reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services * * *." "The third inquiry 'is whether those damages were recoverable against the defendant in a civil action.' " Moreno Hernandez , 365 Or. at 183, 442 P.3d 1092 (quoting State v. Barkley , 315 Or. 420, 438, 846 P.2d 390 (1993) ).
*1091 In this case, there is no dispute that defendant's sexual abuse and prostitution of S resulted in injury. However, **173 the parties disagree as to whether the other two criteria are satisfied on this record. In Moreno-Hernandez , we recognized that Oregon's longstanding rule that a child's medical expenses are damages incurred by the parents, not by the child, was dispositive. Moreno Hernandez , 365 Or. at 189, 442 P.3d 1092. Although we did not decide every particular of how that rule applies to a child in DHS custody, we made clear that under the facts in Moreno-Hernandez , it was not S who suffered the damages. Id. We also rejected the state's argument that S had suffered economic damages either because she would have incurred them had she agreed to pay the bill-which was beside the point because she had not done so-or because she might be held liable on a quantum meruit theory-which we deemed too speculative. Moreno-Hernandez , 365 Or. at 189, 442 P.3d 1092.
The principal distinction between this case and Moreno-Hernandez is that the record in this case is much thinner. Some facts that were clearly established by witness testimony in Moreno-Hernandez are less clear here. However, as in Moreno-Hernandez , the record shows that S was a minor in DHS custody during her stay at Mingus Mountain and that DHS or the Oregon Health Plan paid for that treatment. Without more, that means that S did not suffer economic damages based on those medical expenses. Moreno-Hernandez , 365 Or. at 189, 442 P.3d 1092.
In this case, the state offers an alternative ground for affirming the trial court: that by accepting a plea offer that provided that the trial court could impose a fine within its discretion, defendant effectively stipulated to all of the prerequisites to the imposition of a compensatory fine, and thus no factual findings were necessary. That argument, which diverges from the position taken by the state in the trial court,[2] and which was not raised on appeal until the rebuttal portion of the state's oral argument in this court, is without merit. Nothing in the record suggests that defendant stipulated that the trial court could impose a compensatory **174 fine or that he stipulated that S had suffered economic damages.[3]
The remaining question is the appropriate disposition. As in Moreno-Hernandez , the Court of Appeals reversed the portion of the judgment imposing the compensatory fine, but did not remand for resentencing. As we explained in our opinion in Moreno-Hernandez , "it may be that a compensatory fine could be imposed, payable to another victim ***." 365 Or. at 190, 442 P.3d 1092. In this case, the prosecutor proposed that a compensatory fine be directed to DHS. We do not decide here whether a compensatory fine directed to DHS would be appropriate on this record, but it is an option for the trial court to consider on remand.
In Moreno-Hernandez we also noted that because a compensatory fine is a designation of part or all of a statutorily authorized criminal fine to be paid to a victim, "deleting the compensatory fines from the sentence, as the Court of Appeals did, may well not have captured the trial court's intent regarding what it determined to be the appropriate overall sentence." 365 Or. at 190, 442 P.3d 1092. In this case, the trial court, in explaining its sentence, stated that "this situation just calls for punitive and compensatory fines. You know-if any case screams out for one, this is one of those, so-that's why I did it." Accordingly, "there remain options that the trial court permissibly could adopt on resentencing." State v. Edson , 329 Or. 127, 139, 985 P.2d 1253 (1999). We are therefore required by former ORS 138.222 (2015), repealed by Or. Laws 2017, chapter 529, section 26,[4] to reverse the sentence of the trial court and to remand to that court for resentencing.
*1092 The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

ORS 137.103(4)(a) defines a victim to include
"[t]he person or decedent against whom the defendant committed the criminal offense, if the court determines that the person or decedent has suffered or did suffer economic damages as a result of the offense."

In the trial court, the prosecutor stated to the judge, "I can say this, though, too, in full disclosure-the agreement we had with Mr. Toth did not specifically address compensatory fines, and that was not part of the agreement I made with him ***."

We reject without discussion defendant's argument that the trial court lacked authority to impose a compensatory fine because the state had not sought a compensatory fine or because his plea agreement did not specifically provide for one to be imposed.

Because the judgment in defendant's case was entered prior to January 1, 2018, former ORS 138.222 (2015) applies to this appeal. See Or. Laws 2017, ch. 529, § 28.