558 January 29, 2025 No. 55

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHANE RAY DIXON,
*Defendant-Appellant.*

Marion County Circuit Court
21CR53906; A179644

Sean E. Armstrong, Judge.

Submitted October 30, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

KAMINS, J.

Supplemental judgment reversed and remanded.

**KAMINS, J.**

Defendant appeals from a supplemental judgment imposing $25,897.83 in restitution for medical costs. The state concedes that the record does not permit a finding that the medical expenses ordered as restitution were necessarily incurred. ORS 137.106(1)(a) (2022); ORS 137.103(2); ORS 31.705(2)(a). We agree and accept the concession.[1]

The remaining issue on appeal is the correct disposition. The state contends that we should remand for resentencing to allow the state to present additional evidence in support of restitution, and to allow the trial court to consider additional sentencing options, such as imposing a compensatory fine. *State v. Edson*, 329 Or 127, 139, 985 P2d 1253 (1999) (remand is required where "there remain options that the trial court permissibly could adopt on resentencing" (construing former ORS 138.222(5) (1997), which contained almost identical language to current ORS 138.257)).

Defendant maintains that, for two reasons, we should reverse the supplemental judgment without remanding. First, defendant contends that the state should not be given an additional opportunity to present evidence to support a finding of necessity when the state had an opportunity to remedy that deficiency below. Second, defendant argues that he has appealed only the *supplemental* judgment imposing the restitution award, and thus we may not modify the *original* judgment imposing the fine and sentence. ORS 138.257(1) ("Except as otherwise provided in this section, the appellate court may affirm, reverse, vacate or modify the judgment or order, or any part thereof, *from which the appeal was taken*." (Emphasis added.)) Thus, according to defendant, the procedural posture of this case—that is, an

---

[1] At the restitution hearing, the state called a single witness: a recovery specialist employed by a health care provider whose role is to "recover funds when there's third-party liability for Medicare policies." He provided a medical payment summary setting out billing codes supplied by the hospital and testified that their review of the coding indicated that there was potential liability from a third-party, *i.e.*, defendant. His testimony about the medical expenses incurred on behalf of the victim was limited to explaining the medical coding that indicated an assault occurred, that there were injuries to three different parts of the body, and that "once you have an initial encounter for [an injury] any subsequent treatment after that date would be considered related until otherwise verified different."

appeal from a supplemental judgment whose only provision is the legally erroneous imposition of restitution—precludes resentencing.

We have jurisdiction over this appeal pursuant to ORS 138.257(1). Because the erroneous imposition of restitution is a sentencing error, the appropriate disposition in this case is governed by ORS 138.257(4)(a)(B), which provides that the appellate court "shall" remand the case to the trial court "[i]f the appellate court determines that the trial court, in imposing or failing to impose a sentence in the case, committed an error that requires resentencing." *Cf. Edson,* 329 Or at 137. Whether an order of restitution that lacks sufficient supporting evidence is an "error that requires resentencing" depends on whether "there remain options that the trial court permissibly could adopt on resentencing." *Edson*, 329 Or at 139.

We agree with defendant that the state should not be entitled to another opportunity to develop a record sufficient to support an order of restitution. Defendant objected to the sufficiency of the evidence below, preserving this claim of error and giving the state an opportunity to correct the deficiency. *See State v. Tippets*, 239 Or App 429, 434 n 3, 244 P3d 891 (2010) (remanding for new evidentiary hearing when defendant did not object to the sufficiency of the evidence before the trial court and as a result the state did not have an opportunity to present additional evidence in support of restitution); *cf. State v. Clemente-Perez*, 357 Or 745, 752, 359 P3d 232 (2015) ("[T]he primary purposes of the preservation rule are to allow the trial court to consider a contention and correct any error, to allow the opposing party an opportunity to respond to a contention, and to foster a full development of the record.").

We are not persuaded, however, that there are no permissible sentencing options available to the trial court on remand. The parties have not addressed the impact of ORS 137.106 (permitting entry of supplemental judgment for restitution) and 138.257(4)(b) (a sentencing court may "impose a new sentence for any conviction" upon remand) on the finality of the original judgment and sentence. Accordingly, we leave it to the sentencing court to evaluate

in the first instance whether there are any permissible sentencing options that could be imposed on remand. *Edson*, 329 Or at 139.

Supplemental judgment reversed and remanded.