Submitted on remand from the Oregon Supreme Court December 2, vacated and remanded on reconsideration in part; otherwise affirmed January 26, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM JOHN DONAHUE,
*Appellant.*

(C9502-31026; CA A90121)

995 P2d 1202

Diane L. Alessi, Chief Deputy Public Defender, argued the cause for appellant. With her on the briefs was Sally L. Avera, Public Defender.

Katherine H. Waldo, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

EDMONDS, P. J.

---

* Deits, C. J., *vice* Warren, P. J., retired.

**EDMONDS, P. J.**

Defendant appeals from a conviction and sentence for first-degree sexual abuse, ORS 163.427, that occurred in 1992. He argues that the trial court erred in allowing a state's witness to testify to a medical diagnosis of the victim of sexual abuse and that the trial court erred in imposing a compensatory fine of $12,000. When this case was originally before us, we vacated the compensatory fine and otherwise affirmed. *State v. Donahue*, 151 Or App 704, 705, 950 P2d 416 (1997). The Supreme Court granted review and remanded the case for reconsideration in light of *State°v. Edson*, 329 Or 127, 985 P2d 1253 (1999). *State v. Donahue*, 329 Or 356, 987 P2d 480 (1999). We adhere to our previous decision on the evidentiary issue and write only to discuss the issue of the propriety of the compensatory fine.

Apparently, the trial court awarded the compensatory fine to compensate the victim for the harm she suffered. However, a compensatory fine may be awarded only if the trial court finds that the victim has suffered pecuniary loss as a result of the defendant's criminal activities. ORS 137.101(1); *State v. Barkley*, 315 Or 420, 438, 846 P2d 390, *cert den* 510 US 837 (1993); *State v. Forrester*, 130 Or App 459, 462, 882 P2d 1124 (1994). In this case, the trial court ruled that "[the] compensable fine will stand without a showing of pecuniary loss" in response to defendant's contention that the state was required to show that the victim suffered a pecuniary loss.

We said in our original opinion that "no evidence was submitted that the victim suffered a pecuniary loss, and the trial court expressly found that there was no pecuniary loss." 151 Or App at 705. What was left unsaid by our opinion was that, at the time of the sentencing and the subsequent restitution hearing, the victim had an appointment on a future date for counseling. At the restitution hearing, the prosecutor asked for $5,000 in restitution to cover any costs for treatment incurred in the future, which the trial court rejected as speculative. However, the trial court, in making its ruling, clearly expressed its intention to require defendant to pay for the costs of the victim's treatment if any expenses were incurred.

■    In *Edson*, the court explained that, "there are three prerequisites for an order of restitution under ORS 137.106(1): (1) criminal activities, (2) pecuniary damages, and (3) a causal relationship between the two." 329 Or at 132. Those same prerequisites apply when imposing a compensatory fine under ORS 137.101. A pecuniary loss can include "medical expenses and costs of psychological treatment or counseling." ORS 137.103(2). Moreover, reasonably predictable and easily measurable future treatment expenses can be recovered under ORS 137.101. *See State v. Hart*, 299 Or 128, 135, 699 P2d 1113 (1985) (applying ORS 137.103(2) to a restitution order). Nonetheless, we agree with the trial court that the mere fact that the victim was scheduled to go to a counseling appointment does not establish that she had incurred or would incur pecuniary harm. Consequently, the compensatory fine ordered by the trial court on this record was error.

■    We now turn to the proper disposition of this case. ORS 138.222(5) provides, in part: "[i]f the appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing." In a situation like the one presented in this case, the legislature has required that we remand for purposes of resentencing rather than merely vacate a portion of the sentence. *See, e.g., Edson*, 329 Or at 138-39.[1]

On reconsideration, compensatory fine vacated and case remanded to trial court for resentencing; otherwise affirmed.

---

[1] Defendant committed his crime in 1992 and was sentenced in 1995. ORS 138.222(5), which requires remand of the entire "sentencing package" when an error occurs in sentencing, was enacted in 1993. Or Laws 1993, ch 692, § 2. ORS 138.222(1) provides that ORS 138.222 applies to sentences imposed for felonies committed on or after November 1, 1989. An *ex post facto* violation of Article I, section 21, of the Oregon Consitution, occurs when statutes "punish acts that were legal at the time they occurred, change the punishment for those acts, or deprive the defendant of a defense for those acts." *State v. Gallant*, 307 Or 152, 155, 764 P2d 920 (1988). We perceive no *ex post facto* violation in applying ORS 138.222(5) to this case because defendant's punishment has not been increased as the result of the remand from what could have been imposed in 1992.