Submitted May 2, remanded for resentencing; otherwise affirmed June 11, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JOHNNY LEE SNYDER,
*Defendant-Appellant.*

Union County Circuit Court
F13304, M13322
A133136 (Control), A133137

186 P3d 324

Peter Gartlan, Chief Defender, Legal Services Division, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Sally L. Avera, Senior Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

PER CURIAM

## PER CURIAM

In these consolidated cases, defendant entered conditional guilty pleas to three counts of second-degree theft and a single count of first-degree burglary. On appeal, he challenges only the trial court's imposition of compensatory fines payable to each of the three named victims, contending that the record does not support findings that they suffered economic damages as required by ORS 137.101 and ORS 137.103. The state concedes the error and, for the reasons discussed below, we agree with the state and remand for resentencing.

At sentencing on defendant's convictions, the parties agreed that all the stolen property was recovered by police and returned to the victims. Nonetheless, the trial court ordered compensatory fines on the ground that the victims suffered "psychological damage" from having had their homes invaded. Although we agree that such damage may have resulted from the crimes committed in this case, the statutes require that economic damages be suffered before compensatory fines may be imposed. *See State v. Donahue*, 165 Or App 143, 145, 995 P2d 1202 (2000) ("[A] compensatory fine may be awarded only if the trial court finds that the victim has suffered pecuniary loss as a result of the defendant's criminal activities."). As the state concedes, "[g]iven the record in this case, the prerequisites to imposition of a compensatory fine set forth in [*Donahue*] are not met as the pecuniary damage component is unsatisfied."

Remanded for resentencing; otherwise affirmed.