Submitted February 6, compensatory fine vacated; remanded for resentencing; otherwise affirmed April 1, 2009

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KEVIN JOHN KENNEDY,
*Defendant-Appellant.*

Marion County Circuit Court
07C41581; A137184

205 P3d 65

Peter Gartlan, Chief Defender, and Ingrid A. MacFarlane, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Rolf C. Moan, Acting Solicitor General, and Jamie K. Contreras, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

PER CURIAM

## PER CURIAM

In this criminal case, defendant was convicted of three counts of first-degree sodomy. The trial court sentenced defendant to consecutive 100-month prison terms and imposed a compensatory fine of $2,000, payable to the victim, for future counseling costs. Defendant did not object to the imposition of the fine. On appeal, however, he does object, arguing that there was a complete absence of evidence that the victim had sustained any pecuniary loss as a result of his offenses. He contends that the error is apparent on the face of the record. The state concedes that the trial court erred in imposing a fine in the absence of any evidence that the victim suffered some pecuniary loss and that we should exercise our discretion to review the error. We agree that the trial court committed plain error and that it is appropriate to exercise our discretion to review it.

In *State v. Donahue*, 165 Or App 143, 995 P2d 1202 (2000), the trial court ordered the defendant to pay a compensatory fine for future counseling costs arising out of the defendant's acts of sexual abuse. At the time of sentencing, the victim had an appointment on a future date for counseling, but there was no evidence of actual pecuniary loss to the victim. *Id.* at 145. We vacated the compensatory fine, explaining that "the mere fact that the victim was scheduled to go to a counseling appointment does not establish that she had incurred or would incur pecuniary harm." *Id.* at 146. In this case, there was no evidence even of future appointments. Under *Donahue*, the trial court lacked authority to impose the compensatory fine.

Compensatory fine vacated; remanded for resentencing; otherwise affirmed.