Submitted August 28, compensatory fine vacated; remanded for resentencing; otherwise affirmed September 23, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ERICK WAYNE DRINKWATER,
*Defendant-Appellant.*

Marion County Circuit Court
06C50352; A136055

217 P3d 1090

Peter Gartlan, Chief Defender, and David Ferry, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for rape in the first degree. ORS 163.375. He advances four assignments of error, one of which is that the court erred in imposing a $1,000 compensatory fine as part of defendant's sentence. We conclude that the trial court did err in imposing the fine. We reject defendant's other assignments of error without discussion. We therefore vacate the portion of the judgment imposing a compensatory fine and remand for resentencing, but otherwise affirm.

The facts pertaining to the imposition of the fine are few and undisputed. Defendant was charged with, and convicted of, first-degree rape. At sentencing, the state requested that defendant's sentence include a compensatory fine of $1,000. The state did not offer any evidence that the victim had suffered any economic damage or pecuniary loss as a result of defendant's offense. Defendant did not object to the imposition of the fine. The trial court imposed the fine in accordance with the state's request.

On appeal, defendant concedes that he failed to preserve any objection to the imposition of the fine. He nevertheless asserts that we should, consistently with our prior cases, address the matter as plain error. For its part, the state concedes that it did not make a record of any economic or pecuniary loss. The state further concedes that, in a number of cases, we have held that the imposition of a compensatory fine without supporting evidence is plain error that we will exercise our discretion to correct. The state insists, however, that those cases are not controlling because, in this case, defendant arguably had a "strategic" reason to withhold objection to the imposition of the compensatory fine. Citing *State v. Raney*, 217 Or App 470, 175 P3d 1024, *rev den*, 344 Or 671 (2008), the state contends that, because defendant in this case apparently "consciously chose not to object" to the imposition of the fine, he cannot complain that the lack of an evidentiary basis for the fine is plain error. (Emphasis omitted.)

ORS 137.101(1) authorizes a court to impose a compensatory fine "as penalty for the commission of a crime

resulting in injury." The statute has been interpreted to authorize such a fine only in cases in which evidence shows that the victim suffered pecuniary loss as a result of the defendant's criminal conduct. *See State v. Barkley*, 315 Or 420, 438, 846 P2d 390, *cert den*, 510 US 837 (1993); *State v. Donahue*, 165 Or App 143, 145, 995 P2d 1202 (2000).

Moreover, as the state acknowledges, we have concluded that the imposition of a compensatory fine in a criminal case without evidentiary support is reviewable as plain error. *See, e.g., State v. Harrington*, 229 Or App 473, 476-77, 211 P3d 972 (2009) (imposition of compensatory fine without evidentiary basis is plain error that court will exercise its discretion to correct); *State v. Neese*, 229 Or App 182, 186, 210 P3d 933 (2009) ("Because evidence of pecuniary loss is required for the imposition of a compensatory fine, the trial court's imposition of the * * * fine in this case was plainly erroneous and that error requires a remand of this case for resentencing * * *."); *State v. Kennedy*, 227 Or App 281, 282, 205 P3d 65 (2009) (in the absence of evidence to support the imposition of compensatory fine, "the trial court committed plain error and * * * it is appropriate to exercise our discretion to review it"); *State v. Morris*, 217 Or App 271, 273, 174 P3d 1127 (2007), *rev den*, 344 Or 671 (2008) ("[T]he imposition of the compensatory fine was error apparent on the face of the record, ORAP 5.45(1), and we exercise our discretion to correct it.").

The state's contention that those cases are distinguishable is unpersuasive. To be sure, if this court is required to choose from among competing inferences as to possible strategic reasons for a defendant's failure to object to a trial court's ruling, we cannot say that the error is "plain" on the face of the record. *State v. Gornick*, 340 Or 160, 169-70, 130 P3d 780 (2006). Thus, as the state correctly notes, in *Raney*, we concluded that, because the defendant had a plausible strategic reason for failing to object to the admission of a laboratory report, we could not say that the admission of the report without requiring its author to testify was plain error. 217 Or App at 473-74. It bears emphasis, however, that we reached that conclusion because we could identify a plausible strategic reason for the defendant's failure to object. Specifically, we noted that, had the defendant objected, the state

could simply have called the author of the report to testify and that, in addition, the defendant did not contest the nature of the substance that the report tested (and that the defendant had, in fact, stipulated to the accuracy of the report's description of the substance seized from his car). *Id.* at 474. From that, we concluded, it was reasonable to infer that defendant "would have gained nothing by objecting." *Id.*

In this case, the state identifies no such plausible strategic reason for defendant's failure to object to the imposition of a compensatory fine. The state merely notes that, during the proceeding, defendant objected to some things, but not to others. From that, the state contends, we may infer that defendant's failure to object to the imposition of a compensatory fine was a strategic choice. The problem with the state's argument is that the same could be said of each and every case in which we recognized, and reviewed, plain error. Merely because a defendant objected to some rulings, but not to others, does not mean that every failure to object was strategic. If that were the case, no unobjected error would be reviewable as plain error.

In this case, the absence of evidence to support the imposition of the compensatory fine is undisputed. The state has identified no plausible strategic reason for defendant to have failed to object to the imposition of the fine, and we are aware of none. Under the circumstances, our prior cases control. The fine must be vacated and the case remanded for resentencing.

Compensatory fine vacated; remanded for resentencing; otherwise affirmed.