Submitted October 26, remanded for resentencing; otherwise affirmed
November 25, 2009, petition for review denied March 4, 2010 (348 Or 13)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANDREW BENTON CUFAUDE,
*Defendant-Appellant.*

Josephine County Circuit Court
07CR0205; A138582

221 P3d 834

Peter Gartlan, Chief Defender, Appellate Division, and Robin A. Jones, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Rosenblum, Presiding Judge, and Brewer, Chief Judge, and Deits, Senior Judge.

PER CURIAM

**PER CURIAM**

Defendant was convicted of one count of first-degree sodomy, ORS 163.405(1)(b), and one count of attempted first-degree sexual abuse, ORS 163.427; ORS 163.405(2)(c). On the sodomy conviction, the trial court sentenced defendant to 300 months' incarceration pursuant to ORS 137.700(2)(b)(E), followed by post-prison supervision for life under ORS 144.103(2). On the attempted first-degree sexual abuse conviction, the court imposed 15 months' incarceration and 60 months' post-prison supervision. The court also ordered restitution in the amount of $7,700 for counseling services for the victim and the victim's mother and for lost wages incurred by the victim's mother.

On appeal, defendant contends that ORS 137.700(2)(b)(E) irreconcilably conflicts with ORS 161.605 (prescribing 20-year maximum indeterminate sentence for Class A felony); that it is constitutionally disproportionate under Article I, section 16, of the Oregon Constitution and the Eighth Amendment to the United States Constitution; and that it violates Article I, section 15, of the Oregon Constitution because it is not founded on principles of reformation. We reject those arguments without discussion.

Defendant also challenges the trial court's order of restitution. The state concedes that the trial court erred in imposing restitution for the victim's mother's lost wages and in ordering restitution based on future counseling expenses for the victim and her mother when there was no evidence presented that they would incur those expenses. We agree and accept the state's concession of error. *See State v. Donahue*, 165 Or App 143, 146, 995 P2d 1202 (2000) (vacating trial court's imposition of compensatory fine on the basis that, although "reasonably predictable and easily measurable future treatment expenses" are recoverable, "the mere fact that the victim was scheduled to go to a counseling appointment does not establish that she had incurred or would incur pecuniary harm"); *State v. Gregory*, 149 Or App 769, 770, 945 P2d 593 (1997) (holding that the trial court lacked authority under ORS 137.103 to impose restitution to pay the victim's relatives for lost wages). Accordingly, we remand for resentencing. *See* ORS 138.222(5)(a) ("If the

appellate court determines that the sentencing court, in imposing a sentence in the case, committed an error that requires resentencing, the appellate court shall remand the entire case for resentencing."); *Donahue,* 165 Or App at 146.

Remanded for resentencing; otherwise affirmed.