Submitted February 24, remanded for resentencing; otherwise affirmed
March 31, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID MICHAEL POWELL,
*Defendant-Appellant.*

Lake County Circuit Court
070134CR; A138500

228 P3d 719

Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender, filed the brief for appellant. David M. Powell filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

PER CURIAM

## PER CURIAM

In this criminal case, defendant was convicted of one count of second-degree assault, ORS 163.175; one count of coercion, ORS 163.275; one count of fourth-degree assault, ORS 163.160; and one count of strangulation, ORS 163.187. On the second-degree assault conviction—the only conviction at issue in this appeal—the trial court sentenced defendant to 70 months' incarceration, followed by 36 months of post-prison supervision. In addition, it ordered defendant to pay restitution not to exceed $40,000. On appeal, defendant challenges the imposition of restitution. The state concedes the error and agrees that, although the claim of error was not preserved, the court should address it as plain error. For the reasons explained below, we agree with and accept the state's concession. Defendant also raises a number of arguments in a *pro se* supplemental brief, all of which we reject without discussion. Accordingly, we remand for resentencing.

At sentencing, the prosecutor requested that the court order restitution:

> "[T]he victim has sent in paperwork to the State, they have authorized up to $40,000 in treatment. To my knowledge there hasn't been any actual restitution paid out.
>
> "The people in the State have asked me to request the Court to order [defendant] to pay any treatment costs that would arise as a result of this offense, not to exceed $40,000. I don't know what the Court wants to do obviously, it's been nine months, and there hasn't been any . . . at least physical mention . . . physically, medical bills presented, but there may be treatment costs in the future. I don't know what the Court wants to do about that, I just wanted to tell you that's where we're at."

(Ellipses in original.) The court ordered the requested restitution:

> "[T]here will be no costs assessed, there will be a restitution amount . . . restitution requirement set, not to exceed $40,000 as the request by the District Attorney Office, and may as the state agency, I think it is through that body that the amount of the restitution, and the dollar amount is determined. However, I'm making you responsible for that also."

(Ellipsis in original.)

ORS 137.106(1) authorizes trial courts to impose restitution only when "the court finds from the evidence presented that a victim suffered economic damages." "Economic damages," for these purposes, may include "reasonably predictable and easily measurable future treatment expenses." *State v. Donahue*, 165 Or App 143, 146, 995 P2d 1202 (2000). In this case, the state concedes, and we agree, that the record lacks evidence that the victim has incurred or will incur such expenses. Accordingly, we remand for resentencing. *See State v. Cufaude*, 232 Or App 280, 281, 221 P3d 834 (2009) (accepting state's concession that trial court erred in ordering restitution based on future counseling expenses for the victim and her mother when there was no evidence presented that they would incur those expenses).

Remanded for resentencing; otherwise affirmed.