Submitted May 28, affirmed November 3, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH ANGEL HAINES,
*Defendant-Appellant.*

Marion County Circuit Court
06C41462, 07C55100;
A140193 (Control), A140194

242 P3d 705

Peter Gartlan, Chief Defender, and Marc D. Brown, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

In this consolidated appeal, defendant appeals a judgment of conviction for attempted sexual abuse in the first degree. ORS 161.405; ORS 163.427.[1] He assigns error to the portion of the judgment ordering him to pay a $1,000 compensatory fine. Defendant concedes that his assignment of error was not preserved in the trial court. Nonetheless, defendant argues that there is no evidence in the record establishing that the victim suffered economic damages as required by the compensatory fine statute, ORS 137.101, and thus the imposition of the compensatory fine was plain error that we should exercise our discretion to correct. Because we conclude that the alleged error is not apparent on the face of the record under ORAP 5.45(1),[2] we affirm.

Defendant was convicted of attempted sexual abuse in the first degree. The trial court sentenced defendant to a term of imprisonment and imposed a $1,000 compensatory fine to be disbursed to the victim's mother for costs of counseling attributable to the crime:

"THE COURT: Have there been any counseling costs that you've incurred?

"[MOTHER]: Right now we—she's covered by the Oregon Health Plan, but I don't know how long that continues. But she is in counseling.

"THE COURT: Okay. Have there been any out-of-pocket costs for the family?

"[MOTHER]: Well, we're looking at having to sell our house to move because of—

"THE COURT: Just because of the circumstances?

"[MOTHER]: Yeah, because the school bus stop is close to his house, and I've had to drive her to school every

---

[1] Defendant also appeals the judgment finding a violation of his probation and imposing a sentence. However, defendant does not raise any assignments of error concerning that judgment.

[2] ORAP 5.45(1) provides, in relevant part:

"No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the face of the record."

day because she's afraid to go down and stand by that bus stop.

"THE COURT: I'm going to impose a thousand dollar compensatory fine in the case, to be paid to the court while on post-prison supervision. Those proceeds, when and if they are paid, should be directed to be disbursed to the—I think they should go to the victim's family. She's still a minor, so they should be disbursed to her mom, if and when anything is paid. I would like to see that go toward counseling."

No detailed information regarding the counseling, such as the costs or the frequency of the sessions, was offered into evidence.

On appeal, defendant argues that, because the current costs of counseling were covered by the victim's insurance, there was no evidence in the record to establish that the victim had suffered (or even would suffer) economic damages as required by the compensatory fine statute. According to defendant, the compensatory fine, then, was improperly based on speculative costs of future counseling. The state urges that we decline to review the unpreserved claim of error in the first instance because it is not apparent on the face of the record. Moreover, the state contends that the evidence of counseling—regardless of whether it was ultimately paid for by an insurance carrier—sufficiently establishes that the victim suffered economic damages. We agree that the alleged error, if error at all, is not apparent on the face of the record.

Generally, we will not consider an unpreserved issue on appeal. *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). Nonetheless, we may review an unpreserved assignment of error as one "apparent on the face of the record" under ORAP 5.45(1) if certain conditions are met. Error is apparent on the face of the record where (1) the error is one of law; (2) the error is "apparent," in that the "legal point is obvious, not reasonably in dispute"; and (3) the error appears "on the face of the record," such that "[w]e need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable." *State v. Brown*,

310 Or 347, 355, 800 P2d 259 (1990). Even where those conditions are satisfied, we must conduct an additional inquiry determining whether to exercise our discretion to reach the error and correct it. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991).

■　　　　Here, the alleged error is unquestionably one of law. *See State v. Neese*, 229 Or App 182, 184, 210 P3d 933 (2009), *rev den*, 347 Or 718 (2010) ("Whether a trial court erred in imposing a compensatory fine is a question of law."). Whether the error is obvious is not as easily ascertained. "[W]e necessarily must examine the merits of defendant's alleged error for the *sole* purpose of determining whether that alleged error is an 'obvious' one." *State v. Godines*, 236 Or App 404, 413, 236 P3d 824 (2010) (emphasis in original).

ORS 137.101(1), the compensatory fine statute, provides:

> "Whenever the court imposes a fine as penalty for the commission of a crime resulting in injury for which the person injured by the act constituting the crime has a remedy by civil action, unless the issue of punitive damages has been previously decided on a civil case arising out of the same act and transaction, the court may order that the defendant pay any portion of the fine separately to the clerk of the court as compensatory fines in the case. The clerk shall pay over to the injured victim or victims, as directed in the court's order, moneys paid to the court as compensatory fines under this subsection. This section shall be liberally construed in favor of victims."

Thus, the compensatory fine statute comes into play only if the injured person has a remedy by civil action for the injuries he or she suffered as a result of the crime. If so, the question then becomes whether there is a "victim" eligible to receive the compensatory fine monies. "Victim," as used in ORS 137.101, is defined by ORS 137.103(4) to mean:

> "(a)　The person against whom the defendant committed the criminal offense, if the court determines that the person has suffered economic damages as a result of the offense.

"(b)   Any person not described in paragraph (a) of this subsection whom the court determines has suffered economic damages as a result of the defendant's criminal activities.

"(c)   The Criminal Injuries Compensation Account, if it has expended moneys on behalf of a victim described in paragraph (a) of this subsection.

"(d)   An insurance carrier, if it has expended moneys on behalf of a victim described in paragraph (a) of this subsection."

Therefore, to be a victim under ORS 137.101, one must have suffered "economic damages" or expended money on behalf of such a person. "Economic damages," in turn, is defined by ORS 137.103(2), which incorporates the definition provided by ORS 31.710(2)(a):

" 'Economic damages' means objectively verifiable monetary losses including but not limited to reasonable charges necessarily incurred for medical, hospital, nursing and rehabilitative services and other health care services * * *."

In light of those statutes, we have held that the prerequisites for imposition of a compensatory fine are: (1) criminal activities, (2) economic damages, and (3) a causal relationship between the two.[3] *State v. Donahue*, 165 Or App 143, 146, 995 P2d 1202 (2000). As noted above, the dispute in this case centers on the second prerequisite: whether the victim, the girl who was the object of defendant's attempted abuse, has suffered objectively verifiable economic losses.

■      Defendant is correct that a trial court commits plain error if it imposes a compensatory fine without evidence in the record of any economic damage to the victim. *See, e.g., State v. Drinkwater*, 231 Or App 6, 9, 217 P3d 1090 (2009), *rev den*, 348 Or 13 (2010) (so stating and citing other cases). In *Donahue*, for instance, we held that it was error to impose

---

[3] That statement of prerequisites assumes that the person injured by the crime has a remedy by civil action. The parties in this case have similarly assumed that the victim would have a remedy by civil action—presumably for assault or battery—based on defendant's attempted sexual abuse. We agree that the victim would have a remedy by civil action for the injuries she suffered as a result of the crime. Therefore, we do not address this element further in our analysis.

a compensatory fine where the victim had a *future* appointment for counseling because there was no evidence that she had incurred or necessarily would incur an economic loss. 165 Or App at 146. Likewise, in *State v. Kennedy*, 227 Or App 281, 282, 205 P3d 65 (2009), we held that it was error to impose a compensatory fine where the victim had not yet attended counseling or even made an appointment for counseling and thus had not suffered any objectively verifiable economic loss.

However, in this case, the victim did suffer economic damages within the meaning of ORS 31.710(2)(a). She had already attended counseling at the time of trial and planned to continue that treatment; the costs of that treatment are "reasonable charges necessarily incurred for * * * health care services" under that statute. *See Donahue*, 165 Or App at 146 (stating that economic loss includes costs of counseling). Moreover, those costs are "objectively verifiable" because they are capable of being confirmed by objective facts. *See DeVaux v. Presby*, 136 Or App 456, 463-64, 902 P2d 593 (1995) (defining "objectively verifiable monetary losses" to mean damages that can be verified by objective facts, as opposed to subjective losses that cannot be confirmed empirically).

■    Defendant contends that the victim did not incur economic loss because the costs of counseling were paid by the victim's insurer. That argument betrays a misunderstanding of when a person "incurs" economic loss under ORS 31.710(2)(a). A person incurs economic loss when the person becomes subject to an economic obligation, such as medical expenses, regardless of whether an insurer or other third party ultimately pays or writes off those expenses. *State v. Romero-Navarro*, 224 Or App 25, 29, 197 P3d 30 (2008), *rev den*, 348 Or 13 (2010) (burial expenses paid for by a third party were still "incurred" by the victim's parents under ORS 31.710(2)(a)); *see also State v. Ceballos*, 235 Or App 208, 213-15, 230 P3d 954, *rev den*, 348 Or 669 (2010) (same). In any event, an insurer who pays money on behalf of a victim injured by a crime is expressly included in the definition of a "victim" under ORS 137.103(4)(d). Therefore, both the immediate victim of the crime and the insurer have suffered cognizable economic damages for purposes of the compensatory

fine statute. Accordingly, it was not plain error to impose a compensatory fine.

■      Defendant does not further argue that the particular *amount* of the economic damages must be proved and, in turn, that the compensatory fine must correspond to the proved amount. As such, we need not address those issues. Because defendant argued only that there was no evidence of any economic loss to the victim, and it is clear that the victim did suffer some economic loss, there is no plain error on this record. Accordingly, the trial court did not err in imposing a compensatory fine against defendant.

Affirmed.