No. 528 July 31, 2024 137

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LOUIS HOWARD JOHNSON,
*Defendant-Appellant.*

Washington County Circuit Court
19CR70677; A179197

Ricardo J. Menchaca, Judge.

Submitted June 12, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kristin A. Carveth, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

A jury convicted defendant of six counts of first-degree unlawful sexual penetration, ORS 163.411, and seven counts of first-degree sexual abuse, ORS 163.427. In his first assignment of error, defendant argues that the trial court plainly erred in failing to *sua sponte* strike a police officer's testimony that one of the victims came across as "very forthcoming." We are not persuaded that the trial court plainly erred in failing to strike that comment because the jurors could have viewed it as permissible demeanor testimony. In his second, third, and fourth assignments of error, defendant argues that the trial court plainly erred when it ordered him to pay a $2,500 compensatory fine to each of the three victims. We conclude that there was no plain error because defense counsel had a plausible strategic reason not to object to the compensatory fines. We therefore affirm.

*The Comment that a Witness was "Very Forthcoming."* A jury convicted defendant for crimes against three women that occurred over 20 years ago when they were children. One of the victims, AO, was 26 years old at the time of trial. When AO contacted the police in 2019, she spoke with Officer Keller. During Officer's Keller's testimony at trial, the following exchange occurred:

"[PROSECUTOR]:  —[D]id anything stand out * * * about her demeanor as you—you talked to her?

"[OFFICER KELLER]:  Absolutely. * * * She stuck out in my mind. When she came in and talked to me, just her demeanor, she was very—it was very evident to me that she had something to say. She was very—as she kind of relayed the story or told me of the incidents, her face—she would—just tears would just stream down her face.

"It wasn't like—she wasn't crying, but it was just tears just coming down her face. Her lip—bottom lip was quivering. She had to take breaks in order to just relay the story. We just took our time because a lot of the questions were very sensitive questions. *She was very—came across very forthcoming—*

"[PROSECUTOR]:  Well, let me—

"[OFFICER KELLER]:  Sorry.

> "[PROSECUTOR]:   Sorry. That's okay. Did—the per-son she talked about, did she even have a last name for you at the initial meeting?"

(Emphasis added.)

On appeal, defendant argues that the trial court erred in failing to *sua sponte* strike Officer Keller's state-ment that AO came across as "very forthcoming." At trial, defendant did not object, so he requests plain-error review.

An error is plain when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). It is a matter of discretion whether we will correct a plain error. *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006). Given defendant's failure to object at trial, "the pertinent question is whether the trial court plainly erred by not interrupting [the challenged testi-mony] *sua sponte*." *State v. Corkill*, 262 Or App 543, 551, 325 P3d 796, *rev den*, 355 Or 751 (2014).

Whether a witness's statement constitutes imper-missible vouching is a legal question. *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). "[I]n Oregon a witness, expert or otherwise, may not give an opinion on whether he believes a witness is telling the truth." *State v. Middleton*, 294 Or 427, 438, 657 P2d 1215 (1983); *see State v. Keller*, 315 Or 273, 285, 844 P2d 195 (1993) ("Once again, we repeat that a witness may not testify about the credibility of another wit-ness."). In cases of true vouching, the trial court must inter-vene *sua sponte* because the testimony creates "a risk that jurors would rely on witnesses' opinions about the credibil-ity of an alleged victim to avoid their independent obligation to determine whether the complainant's allegations were truthful." *Corkill*, 262 Or App at 553. On the other hand, "testimony about the physical appearance of a speaker, or testimony that is solely descriptive of the manner in which a communication is made—so-called demeanor evidence—is admissible and is not vouching evidence." *State v. Wilson*, 266 Or App 481, 490, 337 P3d 990 (2014), *rev den*, 356 Or 837 (2015).

Here, it is certainly possible that a juror could asso-
ciate the word "forthcoming" with truthfulness. But, as
defendant acknowledges, the word can be understood in dif-
ferent ways, and it can also mean responsive. The prosecu-
tor asked Officer Keller about AO's demeanor, and when the
officer testified that AO was "very forthcoming," the jurors
could have understood the officer to mean that, despite the
fact that tears were coming down her face and her bottom
lip was quivering, AO was able to respond to the officer's
questions. Given that context, the jurors could have under-
stood the officer as describing AO's demeanor. Therefore, it is
not obvious that Officer's Keller's statement constituted true
vouching. *Cf. B. A. v. Webb*, 253 Or App 1, 12, 289 P3d 300
(2012), *rev den*, 353 Or 428 (2013) (expert's testimony that
she had "'no doubt'" that the plaintiff told her the "'abso-
lute truth'" constituted explicit vouching for the plaintiff's
credibility). Because the error is not obvious, there was no
plain error. *Vanornum*, 354 Or at 629. Accordingly, we reject
defendant's first assignment of error.

*Compensatory Fines.* In his second, third, and
fourth assignments of error, defendant seeks plain-error
review of the trial court's decision to require defendant to
pay a $2,500 compensatory fine to each of the three victims.

At the sentencing hearing, there was testimony
that defendant or his family posted bail or security in the
amount of $32,500. With regard to fees or fines, the trial
court ruled as follows:

> "With respect to the money, I'm going [to] waive attor-
> ney fees for the simple fact that I don't find that they're
> going to serve any meaningful purpose. [Defense counsel]
> did a great job, as I've said a couple of times now, and we're
> in the middle of an attorney crisis and so I probably should
> impose attorney fees, which would be substantial, but I'm
> just going to waive them. I don't find that they serve any
> real purpose.

> "Nor do I find that the Court fines in this particular
> case serve any real purpose. But what I am going to do on
> the $32,500 is, I am going to direct that $2,500 be given to
> [CJ], $2,500 be given to [NJ], and $2,500 be given to [AO]
> as a compensatory fine on this case in general. It's—it's a
> small amount given what you [have] been through, but, you

know, use that money for something worthwhile for your family. And I—rather than it go to the administrative costs of doing business here in court and to attorney fees, try to put that money towards something good.

"If that's—it's not that much money, but it's—it's something. So that will be taken out of the $32,500 that was posted as security. The remaining amount of that money will go to the person that posted it. I believe it's [defendant's] family."

At the sentencing hearing, defendant did not object to the trial court's ruling regarding compensatory fines, so he requests plain-error review. As we explained earlier, an error is plain when, among other requirements, it is "apparent on the record without requiring the court to choose among competing inferences." *Vanornum*, 354 Or at 629. "[I]f this court is required to choose from among competing inferences as to possible strategic reasons for a defendant's failure to object to a trial court's ruling, we cannot say that the error is 'plain' on the face of the record." *State v. Drinkwater*, 231 Or App 6, 9, 217 P3d 1090 (2009), *rev den*, 348 Or 13 (2010).

Here, defense counsel may have chosen not to object to the compensatory fines because the trial court waived attorney fees, which could have been substantial, and, despite the compensatory fines, the trial court's ruling meant that a significant portion of the bail or security would be returned to defendant's family. Because defense counsel may have chosen not to object to the compensatory fines for those reasons, we cannot say that the error was plain. We therefore reject defendant's second, third, and fourth assignments of error.

Affirmed.