606 August 28, 2024 No. 599

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CARLOS ESTEVAN RAMIREZ,
*Petitioner-Appellant,*

*v.*

Dave PEDRO,
Acting Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV38456; A180561

J. Burdette Pratt, Senior Judge.

Submitted August 1, 2024.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Ryan Kahn, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, Kamins, Judge, and Balmer, Senior Judge.

BALMER, S. J.

Affirmed.

**BALMER, S. J.**

Petitioner appeals from a judgment denying him post-conviction relief. After a jury trial, petitioner was convicted of six counts of first-degree unlawful sexual penetration and three counts of first-degree sexual abuse. The victim was his younger stepsister. In a single assignment of error, petitioner argues that a colloquy between the prosecutor and his stepsister constituted improper vouching and that his trial counsel was ineffective and inadequate in failing to object to the exchange. Accepting the post-conviction court's supported implicit and explicit factual findings and reviewing for legal error, *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015), we affirm.

A petitioner claiming inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution has the burden "to show, by a preponderance of the evidence, facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result." *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Under the federal standard, a petitioner is required to "show that counsel's representation fell below an objective standard of reasonableness" and that, as a result, the petitioner was prejudiced. *Strickland v. Washington*, 466 US 668, 687-88, 104 S Ct 2052, 80 L Ed 2d 674 (1984). As the Oregon Supreme Court has recognized, those standards are "functionally equivalent." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

At the time of trial, petitioner's stepsister was 13 years old, and she testified about abuse that occurred beginning when she was six. During the prosecutor's direct examination of the victim, the following colloquy occurred:

"Q  Did you—do you ever recall anything occurring to [petitioner's] penis or—or with his penis when you were pumping it, as you say, up to 20 times?

"A  I don't remember.

"Q  Okay. So you don't remember anything happening?

"A  Like, no, what would happen?

"Q   I—I'm just asking you the question that—and your job—what's—what's your job here today? What's I—what did I tell you your job here today is to do?

"A   To tell the—

"Q   What's your most important job?

"A   —to tell the truth and only the truth.

"Q   About any questions you're asked by anybody; is that right?

"A   Mm-hmm.

"Q   So I'm just asking you questions and you just tell the truth about what you remember, okay?

"A   Okay."

"Vouching" refers to the expression of one's personal opinion about the credibility of a witness. *See State v. Chandler*, 360 Or 323, 330-31, 380 P3d 932 (2016) (discussing history of vouching prohibition). Because credibility determinations are the exclusive province of the jury, witnesses are categorically prohibited from expressing a view on whether another witness is "telling the truth." *State v. Middleton*, 294 Or 427, 438, 657 P2d 1215 (1983). "[L]awyers are similarly prohibited from giving their personal opinions on the credibility of witnesses." *State v. Sperou*, 365 Or 121, 129, 442 P3d 581 (2019). "It is improper for counsel to interject his personal appraisal of the witnesses' credibility in a way which would suggest to the jury that the appraisal is based upon counsel's own knowledge of facts not introduced into evidence." *State v. Parker*, 235 Or 366, 377-78, 384 P2d 986 (1963). "On the other hand, it is permissible for a prosecutor to argue that the jury should infer that a witness is credible based on the evidence in the record, so long as the prosecutor does not vouch for the witness by interjecting his or her personal opinion of the witness's credibility." *Heroff v. Coursey*, 280 Or App 177, 194, 380 P3d 1032 (2016), *rev den*, 360 Or 851 (2017).

Here, petitioner argues that the above colloquy was "tantamount to a statement that the prosecutor believed the witness's testimony." We are not persuaded that prosecutorial vouching occurred, or that trial counsel was ineffective

in failing to object to that line of inquiry. When the 13-year-old witness responded to a question from the prosecutor with a question, the prosecutor reminded the witness that her role was to answer questions truthfully. The prosecutor did not offer a personal opinion regarding the witness's credibility, so there was no vouching.

Furthermore, although a prosecutor's statements in opening or closing arguments may cross the line into vouching, *see, e.g., Davis v. Cain*, 304 Or App 356, 364, 467 P3d 816 (2020), petitioner cites no case in which we have held that a prosecutor's direct examination of a witness amounted to prosecutorial vouching. To the extent that the witness's answers could be construed as proclaiming that she was telling the truth, "a witness does not impermissibly 'vouch for' or 'bolster' *** her *own* testimony by proclaiming truthfulness." *State v. Sanchez–Jacobo*, 250 Or App 621, 630, 282 P3d 880 (2012), *rev den*, 353 Or 280 (2013) (emphasis in original). The colloquy did not constitute vouching, so it was reasonable for trial counsel not to object to that line of inquiry. *See Grant v. Coursey*, 277 Or App 165, 182-83, 370 P3d 892, *rev den*, 360 Or 235 (2016) (applying reasonableness standard to trial counsel's strategic decisions, including his conscious choice not to object to certain statements by the prosecutor in closing). In addition, petitioner failed to show that objecting to the colloquy could have tended to affect the result of the trial. *Green*, 357 Or at 323.

Affirmed.