No. 885 October 8, 2025 149

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHERRYL ANN PEDERSON,
*Defendant-Appellant.*

Jackson County Circuit Court
22CR38462; A184107

Kelly W. Ravassipour, Judge.

Submitted August 20, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for second-degree animal neglect, ORS 167.325, after she left her dog in a car on a hot day. During defendant's trial, defense counsel asked a witness, "Do you recall mentioning to [the responding officer], I feel bad calling because I know she cares for her dog, what did you mean by that when you said that?" The prosecutor objected, based both on relevance and the fact that the statement was "not in evidence." The trial court sustained the objection. Defense counsel then asked his next question. On appeal, defendant contends that the trial court erred when it sustained the state's objection. Because defendant failed to provide an offer of proof, we affirm.

To preserve a claim that the trial court erred by excluding evidence, a party generally must make an offer of proof "to assure that appellate courts are able to determine whether it was error to exclude the evidence and whether any error was likely to have affected the result of the case." *State v. Affeld*, 307 Or 125, 128, 764 P2d 220 (1988). If the substance of what the witness would have testified to is apparent from the context of the question, an offer of proof is unnecessary. OEC 103(1)(b); *State v. Partain*, 297 Or App 799, 804, 444 P3d 1136, *rev den*, 365 Or 533 (2019) ("Because the substance of what defendant would have said can be inferred from his counsel's question, no express offer of proof was necessary to preserve the error for appeal.").

Here, defense counsel—after the state's objection to his question was sustained—did not make an offer of proof. Nor can we infer what the witness's answer would have been from the question itself. As the state notes, the witness might have testified that she told the officer that defendant cared for her dog. But it is also possible that the witness would instead have testified either that she did not make that statement or that she did not remember the conversation. What is more, because the witness was testifying in support of the state's case, we cannot presume that her answer would have been favorable to defendant. *Cf. Partain*, 297 Or App at 803-04 (where defense counsel asked the defendant whether the defendant would lie, the substance of

what the defendant would have testified to—that he would not lie—was apparent both from the question and the context of the defendant's own counsel asking the question and thus no offer of proof was required).

Although defendant contends that it was apparent that the witness's answer would have supported defendant's claims that she cared for her dog and that she had left water in the car for her dog, the witness's other testimony does not support those assertions: the witness called 9-1-1 because she was concerned about the dog, and she testified that she did not see any water in the car. In short, the absence of an offer of proof here prevents us from reviewing defendant's claim of error. *See State v. Zurita*, 338 Or App 730, 733, 566 P3d 694, *rev den*, 374 Or 143 (2025) (without any statement on the record about "how any answers to [the defendant's] questions would have been helpful to the defense[,] \*\*\* we cannot determine whether any error was likely to have affected the result of the case so as to constitute prejudicial error" (internal quotation marks omitted)).

Affirmed.