164 October 8, 2025 No. 889

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARK DOUGLAS NOLLEN,
aka Mark D. Nollen,
*Defendant-Appellant.*

Coos County Circuit Court
23CR29814; A183525

Matthew P. Muenchrath, Judge.

Submitted August 20, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel C. Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for second-degree criminal mischief, ORS 164.354, second-degree theft, ORS 164.045, and unlawful cutting and transport of special forest products, ORS 164.813. On appeal, defendant raises two assignments of error, arguing that the trial court erred when it "overruled defendant's objection to the prosecutor's improper rebuttal closing argument" and by imposing attorney fees "without sufficient evidence that defendant had the ability to pay them." We affirm.

At trial, a state trooper testified that he reported to a forest in Coos County at about 4:00 a.m. and heard the sound of chainsaws. After following those sounds, he encountered defendant and a companion. A sergeant, who had received a report that individuals had been cutting down trees without permits, testified that he also responded and found defendant's truck parked on a dead-end road. He saw "a section of a tree that was downed with a chainsaw" "[o]n the right side of the truck and trailer" and a chainsaw in the back of the truck. He further testified that neither defendant nor his companion had permits to cut trees. After the jury found defendant guilty of the aforementioned offenses, this appeal followed.

*Closing argument.* In his first assignment of error, defendant argues that the trial court erred when it overruled his objection to the state's rebuttal closing argument. Specifically, defendant argues that the prosecutor's following statements were improper:

> "[A] lot of times in my experience when defendants have facts that aren't going too well for them they blame the cops *** [u]sing a smoke screen to hide the cold hard facts."

Defendant contends that the statements were improper because they referred to "facts not in evidence to attack the defense and to vouch for the state's witnesses." The state responds that defendant did not preserve his challenge to the "smoke screen" portion of the prosecutor's statement.

We need not decide whether defendant preserved that argument because, "even if defendant's objection sufficiently preserved his argument, we are not persuaded that

the court abused its discretion in overruling defendant's objection." *State v. Zurita*, 338 Or App 730, 734-35, 566 P3d 694, *rev den*, 374 Or 143 (2025); *see also State v. Mayo*, 303 Or App 525, 530, 465 P3d 267 (2020) (applying abuse of discretion standard to the trial court's decision to overrule an objection to closing arguments).

Here, defendant had suggested in his closing argument that law enforcement had conducted an imprecise and possibly compromised investigation. Thus, when viewed in context, the prosecutor's rebuttal argument was not improper because it responded to defendant's closing argument and referred the jury to the evidence presented at trial. To be sure, "[i]t is improper for counsel to interject his personal appraisal of the witnesses' credibility in a way which would suggest to the jury that the appraisal is based upon counsel's own knowledge of facts not introduced into evidence." *Ramirez v. Pedro*, 334 Or App 606, 608, 557 P3d 198, *rev den*, 373 Or 154 (2024) (internal quotation marks omitted). However, the prosecutor's passing statements here did not rise to that level. When considered in the context of the entire rebuttal argument and the jury instructions, the statements did not deprive defendant of a fair trial. *See Zurita*, 338 Or App at 735 (holding that the trial court did not abuse its discretion in overruling an objection to the prosecutor's closing argument when considering the argument in context of the *voir dire* questions, trial evidence, and jury instructions). The trial court did not abuse its discretion in overruling defendant's objection.

*Attorney fees*. In his second assignment of error, defendant argues that the trial court plainly erred in imposing $150 in "court-appointed attorney fees without sufficient evidence that defendant had the ability to pay them."

We may review an unpreserved error when it is "plain." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). "For an error to be plain error, it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring [us] to choose among competing inferences." *Id.* If we conclude that "a claimed error was [plain] error," we must "determine whether to exercise [our] discretion to review the error." *Id.* at 630.

We conclude that any error is not "plain." A trial court may include "a money award that requires a convicted defendant to pay a reasonable attorney fee for [appointed] counsel." ORS 161.665(2). "A reasonable attorney fee is presumed to be a reasonable number of hours at the hourly rate authorized by the [Oregon Public Defense Commission] under ORS 151.216." *Id.*

At sentencing, the following exchange occurred:

"THE COURT:   I'll sentence you to, as a part of this probation I'll sentence you to 30 days in jail with no credit for time served. Pay attorney's fees in the amount of how much, [defense counsel]?

"[DEFENSE COUNSEL]:   About five hours.

"THE COURT: Okay. I'm just gonna order $150 towards attorney fees."

The trial court also declined to impose any other fines and fees other than the agreed-upon restitution.

Because the record is susceptible to an inference that defendant made a strategic choice not to object to the $150 in court-appointed attorney fees when his attorney spent five hours on his case, we conclude that any error is not plain. *State v. Drinkwater*, 231 Or App 6, 9, 217 P3d 1090 (2009), *rev den*, 348 Or 13 (2010) ("[I]f this court is required to choose from among competing inferences as to possible strategic reasons for a defendant's failure to object to a trial court's ruling, we cannot say that the error is 'plain' on the face of the record."). The trial court did not plainly err.

Affirmed.